The opinion of the Court was delivered by
CrLOVER, J.
This was an action of trover to recover damages for the conversion of a slave named Peter.
A special verdict was rendered, which found, that Timothy Rives, who died in 1821, left of force a last will and testament, by which .he bequeathed certain negro slaves, with their increase, to his grandson, James Turner Rives, “ for and during the term of his natural life, and after his death, to the heirs of his body lawfully begotten, or to such person or persons, as he, by will, after he comes of age, shall devise and bequeath them to: But if my said grandson shall die before having lawful issue, or before making a legal disposition by will of the said negroes, then and in either of such cases, the said negroes and their increase shall return and become part of my estate, and be equally divided amongst my heirs, agreeably t'o the statute of distributions of force in this State.”
James Turner Rives attained to his majority in 1824, and died in 1851, before having lawful issue and without having made a legal disposition of said negroes by will. In 1836, he mortgaged Peter (who was the issue of one of the slaves bequeathed in the will) to Townsend, Dickinson & Company, and, in the same year, conveyed him absolutely to James T. Wade.
In 1887, Peter was sold by the direction of Wade to pay the debts due by James Turner Rives to Dickinson & Wade. At this sale, Jesse de Bruhl purchased Peter, and continued in *87 possession of him till January, 1853, when he gave him, with others, in trust for the wives of the plaintiffs. In the same year Peter came into the possession of the defendant, who is a son of Timothy Eives, the testator, and a distributee, with others, of his estate. The value of Peter was ascertained to be one thousand dollars, and his hire, per month, twenty dollars for fifteen months.
These were the facts found by the jury and submitted to the presiding Judge, who ordered, pro forma, that the ■ postea be delivered to the plaintiffs. From this order the defendant appeals, and submits, that the executory bequest to the distributees of Timothy Eives, took effect on the death of James Turner Eives.
The rights of the parties depend on the interest which James Turner Eives, the grandson, took under the clauses of the will recited in the special verdict.
The direct bequest to James Turner Rives is expressly limited to his life; but the superadded words, “after his death to the heirs of his body lawfully begotten, or to such person or. persons as he, by will after he comes of age, shall devise and bequeath them to,” give him the absolute interest. The court is bound, in ascertaining the intention, to a technical sense of the words “heirs of the body;” for as chattels cannot be entailed an absolute interest must vest in the legatee, or the intention of the testator to confer a benefit on the heirs will be defeated. Nor will the words “ to such person or persons as he by will, after he comes of age, shall devise or bequeath them to,” prevent the vesting of the absolute interest in the first-taker; not only because there is no limitation over in default of appointment; but because these words can mean no more than “to be at his disposal,” and the gift over would be void and the legacy absolute. Ross vs. Ross, (1 Jac. & W. 154.)
Unless the executory bequest may be supported by other words which restrict the interpretation of those used in the *88 direct gift, an absolute interest vested in tbe grandson, discharged of the condition; but as the bounty of a testator may be defeated by a technical construction, the court often relies upon trifling circumstances to support the intention.
After the direct gift the testator provides, that if his grandson shall die “ before having lawful issue, or before making a legal disposition by will of the said negroes,” then they are to be equally divided among his heirs agreeably to the Statute of distributions. The legal effect of the direct gift is to vest the interest in these negroes absolutely in the grandson, defeasible on the happening of these contingencies. In the language of the Vice-Chancellor in Stone vs. Maule, (2 Sim. 490,) “the question is not what is the effect of words creating an estate-tail, but of words making a gift over.” Even the words “ without issue,” have been construed in a restricted sense, Maberley vs. Strode, (3 Ves. 450,) to support the remainder over. But the words used by the testator neither import a dying without issue nor without having issue. “ Before having issue,” means never having had issue, and does not import an indefinite succession of issue. Such words limit the failure of issue to the death of the grandson, and indicate a contingency which must happen within the compass of his life ; and on his death, without ever having had issue, the executory bequest over took effect, unless the superadded words, “ or before making a legal disposition by will,” shall vary this construction.
Where a bequest is absolute with no other condition, than that if the legatee die without having disposed of it by will, it shall go over, the condition is repugnant and the legacy vests, discharged of the condition; but the words “ before having issue” provide another condition on which the interest was to be defeasible, and whether they be regarded as alternative or double contingencies, both have happened, and the failure to make a disposition by will, being a repugnant and void condi *89 tion, will not defeat a remainder which took effect on the death of the grandson “ before having issue.”
This construction carries out the intention of the testator, which was to give his grandson an interest in the slaves, defeasible on the contingencies which have happened, in favor of his statutory heirs.
It does not appear to the court, that the statute of limitations can avail the appellees. The remainder men could assert no legal right nor bring an action until the death of the grandson, James Turner Rives, which happened within the time of the statutory bar.
The motion is therefore granted, and it is ordered, that the postea be delivered to the defendant.
Motion granted.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion granted.